James F. Monagle (SBN 236638)
**MULLEN COUGHLIN, LLC**
309 Fellowship Road, Suite 200
Mt. Laurel, NJ 08054
Tel: (267) 930-1529
Fax: (267) 930-4771
Email: jmonagle@mullen.law
*Attorney for Defendants/Third-Party Plaintiffs*
*Pension Benefit Information, LLC and*
*The Berwyn Group, Inc.*

Julie Erickson (SBN 293111)
Elizabeth Kramer (SBN 293129)
Kevin Osborne (SBNN 261367)
**ERICKSON KRAMER OSBORNE LLP**
44 Tehama Street
San Francisco, CA 94105
Tel.: (415) 635-0631
Fax: (415) 599-8088
Email: julie@ekolaw.com
        elizabeth@ekolaw.com
        kevin@ekolaw.com
*Attorneys for Plaintiffs*

Jeffrey Tsai (SBN 226081)
**DLA PIPER LLP**
555 Mission Street
Suite 2400
San Francisco, CA 94105
Tel: (415) 615-6055
Email: jtsai@us.dla.piper.com
*Attorneys for Third-Party Defendant*
*Progress Software Corporation*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BERRY and BONNIE GAYLE NG, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>PENSION BENEFIT INFORMATION, LLC (d/b/a PBI RESEARCH SERVICES); THE BERWYN GROUP, INC.; and DOES 1 through 100,<br>    Defendants/Third-Party Plaintiffs,<br><br>    vs.<br><br>PROGRESS SOFTWARE CORPORATION<br>    Third-Party Defendant. | Case No.  3:23-CV-03297-JD<br><br>**CLASS ACTION**<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS PENDING JPML RULING** |

Pursuant to Local Rule 7-12, Plaintiffs David Berry and Bonnie Gayle Ng (together, "Plaintiffs") Defendants/Third-Party Plaintiffs Pension Benefit Information, LLC ("PBI") and The Berwyn Group, Inc. ("Berwyn," together, "Defendants"), and Third-Party Defendant Progress Software Corporation ("Progress") (altogether, the "Parties"), hereby stipulate and agree to the following:

WHEREAS, Plaintiffs commenced this action by filing a Class Action Complaint in this Court on June 30, 2023. ECF No. 1;

WHEREAS, Plaintiffs filed their First Amended Class Action Complaint on August 31, 2023. ECF No. 13;

WHEREAS, Defendants filed a Third-Party Complaint against Progress on September 8, 2023. ECF No. 15.

WHEREAS, as of the time of this filing, at least 80 similar actions have been commenced in 18 U.S. district courts. *See* Declaration of James F. Monagle ("Monagle Decl.");

WHEREAS, on July 7, 2023, the named plaintiff in *Bailey v. Progress Software Corporation and Pension Benefit Information, LLC*, No. 0:23-cv-2028 (D. Minn. July 5, 2023) filed a Motion for Transfer and Centralization of Related Actions Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings (the "Transfer Motion," Monagle Decl., Ex. A), which is currently before the Judicial Panel on Multidistrict Litigation ("JPML") and captioned *IN RE: MOVEit Customer Data Security Breach Litigation*, No. 3083;

WHEREAS, the Transfer Motion requests that the JPML transfer certain actions to the United States District Court for the District of Minnesota for coordinated pretrial proceedings, and identifies the instant case as such a matter subject to the Transfer Motion. *See* Monagle Decl., Ex. A;

WHEREAS, the JPML has scheduled a hearing on the Transfer Motion for September 28, 2023. MDL No. 3083, ECF No. 156.

WHEREAS, based on the pendency of the Transfer Motion, the Parties jointly request that this Court stay this action until thirty (30) days following entry of the JPML's final determination of the Transfer Motion;

WHEREAS, a brief stay will serve the interests of efficiency and judicial economy. If the JPML grants the Transfer Motion, the ultimate transferee court, rather than multiple courts, can efficiently

decide foreseeable issues that will impact the many actions. Indeed, two of the primary purposes for centralization are to reduce the burden on the court system and curtail the risk of inconsistent rulings, and a stay of the proceedings will serve that purpose.

WHEREAS, a district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This Court has previously found that a stay of pretrial proceedings pending a decision from the JPML regarding transfer would ensure judicial economy. *See, e.g., L.A.T. v. Meta Platforms, Inc.*, No. 4:22-cv-04937-HSG, 2022 WL 4279709 (N.D. Cal. Sept. 15, 2022) (granting parties' stipulation to say); *Mears v. All-Clad Metalcrafters, LLC*, No. 20-cv-02662-SI, 2021 WL 690258, at *2 (N.D. Cal. Feb. 23, 2021) (granting request to stay (collecting cases)).

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, that:

1. All proceedings and deadlines, including but not limited to the requirements for Defendants and Progress to move to dismiss, answer, or otherwise respond to the First Amended Class Action Complaint and Third-Party Complaint, respectively, shall be STAYED in this action pending further order of the Court following the decision of the JPML on the pending Transfer Motion.

2. In the event the JPML does not transfer this case pursuant to 28 U.S.C. § 1407, Defendants and Progress shall each have thirty (30) days from the date of the JPML's decision to respond to the First Amended Class Action Complaint or Third-Party Complaint, respectively. Should Defendants or Progress require additional time to respond, they may request such additional time.

IT IS SO STIPULATED.

Dated: September 13, 2023                         Respectfully submitted,

                                                  _/s/ James F. Monagle_____
                                                  James F. Monagle (SBN 236638)
                                                  **MULLEN COUGHLIN, LLC**
                                                  309 Fellowship Road, Suite 200
                                                  Mt. Laurel, NJ 08054
                                                  Tel: (267) 930-1529
                                                  Fax: (267) 930-4771
                                                  Email: jmonagle@mullen.law
                                                  *Attorneys for Defendants/Third-Party Plaintiffs*
                                                  *Pension Benefit Information, LLC and*
                                                  *The Berwyn Group, Inc.*


                                                  _/s/ Jeffrey Tsai_____
                                                  Jeffrey Tsai (SBN 226081)
                                                  **DLA PIPER LLP**
                                                  555 Mission Street
                                                  Suite 2400
                                                  San Francisco, CA 94105
                                                  Tel: (415) 615-6055
                                                  Email: jtsai@us.dla.piper.com
                                                  *Attorneys for Third-Party Defendants*
                                                  *Progress Software Corporation*

                                                  _/s/ Julie Erickson_____
                                                  Julie Erickson (SBN 293111)
                                                  Elizabeth Kramer (SBN 293129)
                                                  Kevin Osborne (SBNN 261367)
                                                  **ERICKSON KRAMER OSBORNE LLP**
                                                  44 Tehama Street
                                                  San Francisco, CA 94105
                                                  Tel.: (415) 635-0631
                                                  Fax: (415) 599-8088
                                                  Email: julie@ekolaw.com
                                                          elizabeth@ekolaw.com
                                                          kevin@ekolaw.com
                                                  *Attorneys for Plaintiffs*


**PURSUANT TO STIPULATION, IT IS SO ORDERED**


Date: _____              _____
                                                  Honorable James Donato

## **ATTORNEY ATTESTATION**

Pursuant to N.D. Cal. Civil L.R. 5-1(i)(3), I attest that the concurrence in the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

Dated: September 13, 2023

  /s/ James F. Monagle
James F. Monagle

## <u>DECLARATION OF JAMES F. MONAGLE</u>

I, James F. Monagle, declare as follows:

1.     I am a duly licensed attorney in the State of California and with the firm Mullen Coughlin LLC, and represent the Defendants, Pension Benefit Information, LLC ("PBI"), and The Berwyn Group, Inc. ("Berwyn") (together, "Defendants"), in the above-referenced litigation. Unless otherwise indicated, I have personal knowledge of the facts set forth in this declaration. I submit this declaration in support of the Parties' Joint Stipulation to Stay Proceedings Pending JPML Ruling.

1.     In or around late May through early June 2023, Progress Software Corp. ("Progress") disclosed a vulnerability related to their MOVEit product (the "MOVEit vulnerability").

2.     Attached as Exhibit A is the Motion for Transfer and Centralization of Related Actions Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings ("Transfer Motion") that is currently before the Judicial Panel on Multidistrict Litigation ("JPML"), captioned *IN RE: MOVEit Customer Data Security Breach Litigation*, No. 3083.

3.     Based on my review of available information from that JPML matter's docket, I am aware of at least eighty-one (81) proceedings that are the subject of the Transfer Motion, including this matter, pending in eighteen (18) U.S. district courts.

4.     The JPML has scheduled a hearing on the Transfer Motion for September 28, 2023.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on this 13th day of September 2023.


*/s/ James F. Monagle*_____
**James F. Monagle**

James F. Monagle (SBN 236638)
**MULLEN COUGHLIN, LLC**
309 Fellowship Road, Suite 200
Mt. Laurel, NJ 08054
Tel: (267) 930-1529
Fax: (267) 930-4771
Email: jmonagle@mullen.law
*Attorneys for Defendants*
*Pension Benefit Information, LLC and*
*The Berwyn Group, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BERRY and BONNIE GAYLE NG, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PENSION BENEFIT INFORMATION, LLC (d/b/a PBI RESEARCH SERVICES); THE BERWYN GROUP, INC.; and DOES 1 through 100, <br><br> Defendants/Third-Party Plaintiffs, <br><br> vs. <br><br> PROGRESS SOFTWARE CORPORATION <br> Third-Party Defendant. | Case No. 3:23-CV-03297-JD <br><br> <u>CLASS ACTION</u> <br><br> **CERTIFICATE OF SERVICE** |

The undersigned attorney hereby certifies that, on September 13, 2023, I filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

1

**PROOF OF SERVICE**

_/s/ James F. Monagle_____
James F. Monagle (SBN 236638)
**MULLEN COUGHLIN, LLC**
309 Fellowship Road, Suite 200
Mt. Laurel, NJ 08054
Tel: (267) 930-1529
Fax: (267) 930-4771
Email: jmonagle@mullen.law
***Attorneys for Defendants***
***Pension Benefit Information, LLC and***
***The Berwyn Group, Inc.***

**PROOF OF SERVICE**

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE MOVEIT FILE TRANSFER SOFTWARE DATA SECURITY BREACH LITIGATION** | **MDL DOCKET NO.** |

**PLAINTIFF BRUCE BAILEY'S MOTION FOR TRANSFER AND CENTRALIZATION OF RELATED ACTIONS TO THE DISTRICT OF MINNESOTA PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. §1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs Bruce Bailey, the named plaintiff in *Bailey v. Progress Software Corporation and Pension Benefit Information, LLC.* (Case No. 0:23-cv-2028, D. Minn., filed July 5, 2023) (the "*Bailey* Action") respectfully moves the Judicial Panel on Multi-District Litigation ("JPML") for an Order transferring and centralizing all Related Actions to the United States District Court for the District of Minnesota.

Transfer and centralization is appropriate because the Related Actions all involve Defendants Progress Software Corporation "(PSC)" and/or Pension Benefit Information, LLC d/b/a PBI Research Services. ("PBI", collectively, with Defendant Ipswitch, Inc., "Defendants"). All Related Actions similarly allege that Defendants, who developed, market, or use for relevant purposes the MOVEit file transfer application, bear responsibility for a security breach of the data of more than 15 million persons whose information was stolen as part of a security breach by the Russian ransomware group CL0P between late May and early June 2023 (the "Data Breach"). To date, ten class action complaints have been filed alleging violations of common law and state consumer protection law resulting from the Data Breach (the "Related Actions").

1.      The Related Actions have been filed in a number of varying jurisdictions. Specifically:

    a.  In the Eastern District of Louisiana:

       *Berry v. Progress Software Corporation* (Case No. 2:23-cv-2089, E.D. La., filed June 15, 2023)

       *McAdam v. Progress Software Corporation* (Case No. 2:23-cv-2295, E.D. La., filed June 30, 2023)

    b.  In the District of Massachusetts:

       *Diggs et al. v. Progress Software Corporation* (Case No. 1:23-cv-11370, (D. Mass., filed October June 20, 2023)

       *Pipes v. Ipswitch, Inc., et al.* (Case No. 1:23-cv-11394, D. Mass., filed June 21, 2023)

       *Guillory-Caillier et al. v. Progress Software Corporation* (Case No. 1:23-cv-11417, D. Mass., filed June 23, 2023)

       *Tenner v. Progress Software Corporation* (Case No. 1:23-cv-11412, D. Mass., filed June 23, 2023)

       *Anastasio v. Progress Software Corporation et al.* (Case No. 1:23-cv-11442, D. Mass., filed June 28, 2023)

    c.  In the District of Minnesota:

       *Bailey v. Progress Software Corporation et al.* (Case No. 0:23-cv-2028, D. Minn., filed July 5, 2023)

    d.  In the Central District of California:

       *Ortega et al. v. Progress Software Corporation et al.*, Case. No. 2:23-cv-5301 (C.D. Cal., filed July 3, 2023)

    e.  In the Northern District of California:

       *Berry et al. v. Pension Benefit Information, LLC* (Case No. 4:23-cv-3297 (N.D. Cal., filed June 30, 2023)

2.      The Related Actions involve one or more common questions of fact, including:

   a. whether Defendants violated state common laws by failing to properly secure the sensitive personal information ("SPI") of the various Plaintiffs and the putative Classes

   b. whether Defendants breached their contracts with various entities who entrusted Defendants with Plaintiffs' and members of the putative Classes as third-party beneficiaries of those contracts by failing to secure the SPI of Plaintiffs and the putative Classes;

   c. whether the proposed putative Classes should be certified under the Federal Rules of Civil Procedure;

   d. whether the conduct of Defendants caused injury to Plaintiffs and members of the putative Classes; and

   e. the measure and amount of damages sustained by Plaintiffs and other members of the putative Classes.

3.      Centralization of the Related Actions will prevent conflicting pretrial rulings, and conserve judicial resources on identical pre-trial issues including those on the pleadings, merits discovery, expert discovery, and trial preparation issues. In particular, the pleading and discovery conducted in each of the Related Actions will likely be very similar, and will likely involve many of the same or similar documents and witnesses.  There have been no discovery or initial disclosures made to date, and, as of this writing, counsel for Defendants have not appeared, and no Answer date has yet occurred, so no prejudice will result from the transfer and consolidation of all ten cases.

4.      The United States District Court for the District of Minnesota is the most appropriate forum for centralization of the Related Actions, including but not limited to the following reasons:

   a. the District of Minnesota is the home forum for Defendant PBI;

   b. the District of Minnesota is the most centrally-located forum for all the Related Actions;

c. a significant portion of the alleged conduct occurred in the District of Minnesota;

d. the District of Minnesota is an easy venue for all Parties to reach and judges in this District have familiarity with both MDL actions and with the types of cases at issue; and

e. The principles of judicial efficiency support centralization of the Related Actions in the District of Minnesota.

WHEREFORE, Movant respectfully requests that the Panel centralizes the actions set forth in the Scheduled of Related Actions filed herewith, as well as any tag-along actions or other cases such as may be subsequently filed asserting related or similar claims in the United States District Court for the District of Minnesota.

Respectfully submitted,

Dated July 6, 2023

/s/ Carl V. Malmstrom
Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

*Attorney for Plaintiff Bruce Bailey*

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE MOVEIT FILE TRANSFER SOFTWARE DATA SECURITY BREACH LITIGATION** | **MDL DOCKET NO.** |

**PLAINTIFF BRUCE BAILEY'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR CENTRALIZATION AND TRANSFER OF**
**RELATED ACTIONS TO THE DISTRICT OF MINNESOTA PURSUANT TO**
**<u>28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS</u>**

Plaintiff Bruce Bailey ("Plaintiff"), by and through his undersigned counsel, respectfully submits this Memorandum in Support of Transfer and Centralization the District of Minnesota Pursuant to 28 U.S.C. § 1407. The undersigned plaintiff respectfully moves that all Related Actions be transferred to a common jurisdiction, and that the common jurisdiction be the District of Minnesota, where U.S. District Judge Katherine Menendez has the first-filed action in the District of Minnesota.

As detailed below, compelling logistical reasons justify transfer to the District of Minnesota. With cases filed on three coasts, the District of Minnesota is easily the most centrally-located of the forum districts.  Further, Defendant Pension Benefit Information, LLC ("PBI") is headquartered in Minneapolis, the heart of the District of Minnesota, meaning that key witnesses and documents are likely to be found there.  The District of Minnesota is one of the least-congested districts in the United States.  Lastly, it is a major air hub and international business destination, so travel to and from the District of Minnesota, when needed, is easily accomplished.

## I.    INTRODUCTION AND BACKGROUND

There are currently ten actions pending in five federal judicial district courts (hereinafter, the "Related Actions") throughout the nation against Defendants PBI, Progress Software Corporation ("PSC"), and /or Ipswitch, Inc. ("Ipswitch").  All of the cases assert similar claims arising from a common nucleus of operative facts, that a recent hack and exfiltration of sensitive personal information from the MOVEit file transfer application, owned by PSC, developed by Ipswitch (a wholly-owned subsidiary of PSC), and controlled, for the purposes of these actions by PBI, by the Russian ransomware group CL0P led to a breach of data of the SPI of more than 17.5 million people (and counting).

.

## II.     ARGUMENT

### A.     Transfer of the Actions for Consolidation and Coordination Is Appropriate Under 28 U.S.C. § 1407.

The Panel should transfer and consolidate these cases in a single district because: (1) the Related Actions involve numerous common questions of fact and law; and (2) consolidation will be for the convenience of the parties and witnesses, and will promote the just and efficient conduct of this litigation.  See 28 U.S.C. §1407.  The purpose of the multidistrict litigation process is to "eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary."  *See In re Folgers Coffee Mktg. & Sales Practices Litig.,* MDL No. 2984, 2021 U.S. Dist. LEXIS 63657, at *2 (J.P.M.L. Apr. 1, 2021) (consolidating five putative class actions alleging defendant engaged in deceptive advertising and marketing practices with respect to labeling of coffee products).

This Panel has transferred and centralized a host of cases involving data security breaches. *See In re T-Mobile 2022 Customer Data Security Breach Litig.*, 2023 WL 3829244  (J.P.M.L. 2023) (consolidating eleven actions across eight districts involving a data security breach of T-Mobile); *In re KeyBank Customer Data Security Breach Litig.* 2023 WL 1811824 (J.P.M.L. 2023) (consolidating ten actions across at least three districts involving a data security breach of Key Bank); *In re Samsung Customer Data Security Breach Litigation*; 2023 WL 1811247 (J.P.M.L. 2023) (consolidating nine actions across four districts involving a data security breack of Samsung).

Here, each of the actions arise from defendants' security practices as they involve the MOVEit file transfer application.  Each complaint alleges that Defendants' practices either violate common law or state data privacy laws.  Thus, these cases will benefit from coordinated or consolidated pretrial proceedings through a multidistrict litigation.

**B.      The District of Minnesota Is The Most Appropriate Transferee Forum.**

The selection of an appropriate transferee forum depends greatly on the specific facts and circumstances of the litigation being considered for consolidation.   The decision involves a "balancing test based on the nuances of a particular litigation" that considers several factors.  *See* Robert A.  Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977).

Here, the District of Minnesota is the most appropriate venue because: (1) Minnesota is the headquarters of Defendant PBI, whose documents and witnesses will be critical to the litigation; (2) it is a convenient forum located centrally between all cases filed to date, and because of the ease of direct travel for the parties' counsel; (3) it has the resources and the subject matter experience that this litigation will require.

**1.   The Key Factor for Transfer Should be the Presence of Defendant PBI**

In proposed MDLs centered on data security breaches, the Panel has often ruled that the single most important factor in deciding where to send the MDL is the presence of key documents and witnesses.  For example, in *Samsung*, this Panel held that "Defendant has its headquarters in New Jersey, where common witnesses and other evidence likely will be found."  *In re Samsung Customer Data Security Breach Litigation*; 2023 WL 1811247 at *2.  See also, *In re Blackbaud, Inc., Customer Data Security Breach Litigation*, 509 F.Supp.3d 1362, 1364 (J.P.M.L. 2020) ("Blackbaud has its headquarters in South Carolina. Thus, common witnesses and other evidence likely will be located in this district.")

**2.   The District of Minnesota is Centrally Located for all Related Actions.**

The Related Actions are pending in California, Lousiana, Massachusetts, and Minnesota. Minnesota is easily the most centrally located of all these locations, and Minneapolis possesses both an international airline hub, but is also an international business headquarters, making travel to and from the Twin Cities easy and convenient.  Further, the District of Minnesota has extensive MDL experience, with five pending MDLs.

Additionally, the District of Minnesota has one of the least-congested dockets in the country.  It has an average civil filing-to-disposition time of 6.2 months, which is well ahead of Massachusetts (10.8), the Northern California (7.5), and Eastern Louisiana (a stunning 68.9 months).[1]  Further, Minnesota, has by far the smallest number of cases over three years old, at a mere 3.3 percent.[2]

**3.   CONCLUSION**

For the reasons set forth herein, the undersigned respectfully request that this Panel transfer the Related Actions listed in the attached Schedule of Actions, as well as all subsequently filed related actions, to the District of Minnesota for coordinated and consolidated pretrial proceedings.

Dated:  July 6, 2023

Respectfully submitted,

*/s/Carl V. Malmstrom*
Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

---

[1] https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0331.2023.pdf, last accessed July 6, 2023.
[2] *Id.*

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE MOVEIT FILE TRANSFER SOFTWARE DATA SECURITY BREACH LITIGATION** | **MDL DOCKET NO.** |

## <u>SCHEDULE A OF ACTIONS</u>

| Case Caption | Parties | Case No. | Court | Judge |
|---|---|---|---|---|
| *Ortega et al. v. Progress Software Corporation et al.* | <u>**Plaintiffs:**</u> Juan Ortega, David Merkle, Nancy Merkle<br><br><u>**Defendanst:**</u> Progress Software Corporation, Pension Benefit Information, LLC | 2:23-cv-5301 | Central District of California | Not Yet Assigned |
| *Ng et al. v. Pension Benefit Information, LLC* | <u>**Plaintiffs:**</u> David Berry, Bonnie Gayle Ng<br><br><u>**Defendant:**</u> Pension Benefit Information, LLC | 4:23-cv-3297 | Northern District of California | Honorable Lisa J. Cisneros |
| *Berry v. Progress Software Corporation* | <u>**Plaintiff:**</u> Jason Berry<br><br><u>**Defendant:**</u> Progress Software Corporation | 2:23-cv-2089 | Eastern District of Louisiana | Honorable Susie Morgan |
| *McAdam v. Progress Software Corporation* | <u>**Plaintiff:**</u> Annie McAdam<br><br><u>**Defendant:**</u> Progress Software Corporation | 2:23-cv-2295 | Northern District of California | Honorable Wendy B. Vitter |
| *Anastasio v. Progress Software Corporation et al.* | <u>**Plaintiff:**</u> Robert Anastasio<br><br><u>**Defendants:**</u> Progress Software Corporation and Pension | 1:23-cv-11442 | District of Massachusetts | Honorable G. Nathaniel M. Gorton |

| | Benefit Information, LLC | | | |
|---|---|---|---|---|
| *Diggs et al. v. Progress Software Corporation* | **Plaintiffs:** Shavonne Diggs, Brady Bradberry, Christina Bradberry **Defendant:** Progress Software Corporation | 1:23-cv-11370 | District of Massachusetts | Honorable Nathaniel M. Gorton |
| *Guillory-Caillier et al. v. Progress Software Corporation* | **Plaintiffs:** Shawntessa Guillory-Caillier, Vincent Mitchell **Defendant:** Progress Software Corporation | 1:23-cv-11417 | District of Massachusetts | Honorable F. Dennis Saylor, IV |
| *Pipes v. Ipswitch, Inc., et al.* | **Plaintiff:** Christopher Pipes **Defendants:** Ipswitch, Inc.; Progress Software Corporation | 1:23-cv-11394 | District of Massachusetts | Honorable Nathaniel M. Gorton |
| *Tenner v. Progress Software Corporation* | **Plaintiff:** Subrena Tenner **Defendant:** Progress Software Corporation | 1:23-cv-11412 | District of Massachusetts | Honorable Nathaniel M. Gorton |
| *Bailey v. Progress Software Corporation et al.* | **Plaintiff:** Bruce Bailey **Defendants:** Progress Software Corporation and Pension Benefit Information, LLC | 0:23-cv-2028 | District of Minnesota | Honorable Katherine M. Menendez |

**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE MOVEIT FILE TRANSFER SOFTWARE DATA SECURITY BREACH LITIGATION** | **MDL DOCKET NO.** |

## PROOF OF SERVICE

I, Carl V. Malmstrom., hereby certify that on July 6, 2023, I caused the foregoing document to be electronically served through the CM/ECF system and via email or USPS (as indicated) to the following Parties or Courts:

**Defendant Pension Benefit Information, LLC:**
**Paulyne Gardner**
**Mullen Coughlin LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
pgardner@mullen.law

**Plaintiffs Robert Anastasio and Subrena Tenner (via ECF/email)**:
Kristen A. Johnson
**Hagens Berman Sobol Shapiro**
1 Faneuil Hall Square, 5th Floor
Boston, MA 02109
kristen@hbsslaw.com

Steve W. Berman
Sean R. Matt
**Hagens Berman Sobol Shapiro**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
steve@hbsslaw.com
sean@hbsslaw.com

Jeffrey S. Goldenberg
**Goldenberg Schneider, LPA**
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
jgoldenberg@gs-legal.com

Charles Schaffer

Nicholas J. Elia
**Levin Sedran & Berman LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
cschaffer@lfsblaw.com
nelia@lfsblaw.com

Joseph M. Lyon
**The Lyon Firm**
2754 Erie Ave.
Cincinnati, OH 45208
jlyon@thelyonfirm.com

**Plaintiff Jason Berry (via ECF/email)**:
Jack E. Truitt
Michelle Mayne Davis
Kaylin K. Storey
Lou Anne Milliman
**The Truitt Law Firm**
1321 Ochsner Boulevard, Suite 200
Covington, Louisiana 70433
mail@truittlaw.com

**Plaintiffs Shavonne Diggs, Brady Bradberry, and Christina Bradberry (via ECF/email):**
Christina Xenides
**Siri & Glimstad LLP**
1005 Congress Avenue, Suite 925-C36
Austin, TX 78701
cxenides@sirillp.com

Mason A. Barney
Tyler J. Bean
**Siri & Glimstad LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
mbarney@sirillp.com
tbean@sirillp.com

**Plaintiffs Shawntessa Guillory-Caillier and Vincent Mitchell (via ECF/email):**
Christina Xenides
**Siri & Glimstad LLP**
1005 Congress Avenue, Suite 925-C36
Austin, TX 78701
cxenides@sirillp.com

Samuel J. Strauss
Raina Borrelli

**Turke & Strauss LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
sam@turkestrauss.com
raina@turkestrauss.com

**Plaintiff Annie McAdam (via ECF/email):**
James R. Dugan, II
David S. Scalia
TerriAnne Benedetto
Glenn E. Mintzer
**The Dugan Law Firm, APLC**
365 Canal Street, Suite 1000
New Orleans, LA 70130
jdugan@dugan-lawfirm.com

**Plaintiff Christopher Pipes (via ECF/email):**
David Pastor
**Pastor Law Office PC**
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
dpastor@pastorlawoffice.com

Andrew W. Ferich
**Ahdoot & Wolfson, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
aferich@ahdootwolfson.com

Tina Wolfson
Deborah de Villa
**Ahdoot & Wolfson, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
twolfson@ahdootwolfson.com
ddevilla@ahdootwolfson.com

Ben Barnow
Anthony L. Parkhill
**Barnow and Associates, P.C.**
205 West Randolph Street, Suite 1630
Chicago, IL 60606
b.barnow@barnowlaw.com
aparkhill@barnowlaw.com

**Plaintiffs Christopher Ortega, David Merkle, and Nancy Merkle (via ECF/email):**
Ramin R. Younessi, Esq.

Heather N. Phillips, Esq.
**Law Office of Ramin R. Younessi**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, CA 90010
Tel: (213) 480-6200
ryounessi@younessilaw.com
hphillips@younessilaw.com

**Plaintiffs David Berry and Bonnie Gayle Ng (via ECF/email):**
Julie Erickson
Elizabeth Kramer
Kevin Osborne
**Erickson Kramer Osborne LLP**
44 Tehama Street
San Francisco, CA 94105
julie@eko.law
elizabeth@eko.law
kevin@eko.law

**Defendant Progress Software Corporation and Ipswich, Inc. (via USPS):**
15 Wayside Road Suite 4
Burlington, MA 01803-4620

**United States District Court for the District of Massachusetts (via USPS):**
Clerk of the Court
1 Courthouse Way
Boston, Massachusetts 02210

**United States District Court for the Central District of California (via USPS):**
Clerk of the Court
255 East Temple Street
Los Angeles, CA 90012

**United States District Court for the Northern District of Calfornia (via USPS):**
Clerk of the Court
450 Golden Gate Avenue
San Francisco, CA 94102

**United States District Court for the Eastern District of Louisiana (via USPS):**
Clerk of the Court
Room C-151
500 Poydras Street
New Orleans, LA  70130

**United States District Court for the District of Minnesota (via USPS):**
Clerk of the Court
300 South Fourth Street - Suite 202

Minneapolis, MN 55415

/s/ *Carl V. Malmstrom*
Carl V. Malmstrom